[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 16, 1995, the defendant, Richard J. Diviney, Administrator of the Estate of Christopher M. Nadler, filed a motion for judgment of dismissal pursuant to Practice Book § 231(e) against the plaintiffs, Anthony Steigerwald, Seymour Reis and Richard Kipperman. The defendant also filed a memorandum in support of his motion to dismiss. The plaintiffs have not filed any memorandum in opposition.
The defendant argues that this probate appeal should be dismissed as to all of the plaintiffs, pursuant to Practice Book § 231(e), because of their failure to appear at depositions noticed for February 9, 1995. CT Page 4240
"The determination of whether to enter sanctions pursuant to § 231 and, if so, what sanction or sanctions to impose, is a matter within the sound discretion of the trial court."Associated Investment Co. v. Williams Associates IV, 230 Conn. 148,163, 645 A.2d 505 (1994). "Any party may be compelled by notice to give a deposition. . . . The giving of the notice prescribed by § 244, unless modified by the court, constitutes an order to the deponent to appear at the time and place designated in the notice and to submit to examination and cross-examination as permitted at trial. . . . All questions, including those objected to, are to be answered . . . unless the objecting party procures from the court a protective order precluding or limiting the scope or disclosure of discovery."Pavlinko v. Yale-New Haven Hospital, 192 Conn. 138, 143,470 A.2d 246 (1984) "In the event of a party's failure to answer any or all questions at a deposition the court may make such order as the ends of justice require. . . . Possible sanctions may include (1) the entry of a nonsuit or default; (2) an award of costs including attorney's fees; (3) an order that certain facts shall be taken as established; (4) an order that certain evidence shall be excluded; and (5) the entry of a judgment of dismissal. Factors to be considered in determining an appropriate sanction are (1) the cause of the deponent's failure to respond to the posed questions, that is, whether it is due to inability rather than wilfulness, bad faith or fault of the deponent . . . (2) the degree of prejudice suffered by the opposing party, which in turn may depend on the importance of the information requested to that party's case; and (3) which of the available sanctions would, under the particular circumstances, be an appropriate response to the disobedient party's conduct." Id., 144.
The defendant states, in his memorandum, that the plaintiffs sent by facsimile, a motion for a protective order regarding these depositions on February 8, 1995. In their motion for a protective order, filed February 14, 1995, the plaintiffs argue that they cannot attend the depositions due to age and financial hardship. Therefore, the defendant has not shown that the plaintiff's failure to appear at the depositions was due to wilfulness, bad faith, or fault of the deponents, rather than inability. Moreover, the defendant has not shown the degree of prejudice he has suffered due to the plaintiff's failure to appear. Accordingly, the defendant's motion for a judgment of dismissal is denied.
KARAZIN, J. CT Page 4241